# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| Terri Dokes, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| LTD Financial Services, LP, a Texas limited partnership, and JH Portfolio Debt Equities, LLC, a California limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT – CLASS ACTION

Plaintiff, Terri Dokes, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

## PARTIES

3.     Plaintiff, Terri Dokes ("Dokes"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendants attempted to collect

a defaulted consumer debt which was allegedly owed to Comenity Bank.

4.      Defendant, LTD Financial Services, LP ("LTD"), is a Texas limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant LTD operates a defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant LTD was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant, JH Portfolio Debt Equities, LLC ("JH Portfolio"), is a California limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate.  Defendant JH Portfolio operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant JH Portfolio was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Defendant JH Portfolio is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.  Defendant JH Portfolio's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7.      Defendants LTD and JH Portfolio are both authorized to conduct business in the State of Alabama and maintain registered agents within the State of Alabama, see, records from the Alabama Secretary of State, attached as Group Exhibit A.  In fact,

Defendants conduct extensive business in Alabama.

## FACTUAL ALLEGATIONS

8. Ms. Dokes fell behind on paying her bills, including a debt she allegedly owed for a Comenity Bank account. Defendant LTD sent Ms. Dokes an initial form collection letter, dated December 8, 2017, demanding payment of this debt. This collection letter stated:

> <u>CURRENT CREDITOR:</u>
> JH PORTFOLIO DEBT EQUITIES, LLC
> <u>ORIGINAL CREDITOR:</u>
> COMENITY BANK

The letter then stated that "Your account with the above named creditor has been placed with LTD Financial Services, L.P., a debt collector." A copy of Defendants' letter is attached as Exhibit <u>B</u>.

9. Defendants' letter failed to explain what, if any, the difference was between the "current" and "original" creditor, which "above named creditor" it was representing, or whether it was representing both.

10. Ms. Dokes is informed through counsel that JH Portfolio likely bought the debt at issue after default and that LTD was representing only JH Portfolio. Thus, Defendants' letter failed to state effectively the name of the creditor to whom the debt is owed.

11. A simple statement that LTD represented JH Portfolio or that JH Portfolio had bought the debt would have sufficed to effectively identify the name of creditor to whom the debt was then owed.

12. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the

consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 319-25 (7th Cir. 2016).

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**Violation Of § 1692g(a)(2)**
**Failure to Effectively Identify the Current Creditor**

15.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to disclose specific information, including "the name of the creditor to whom the debt is owed".  If the communication fails to disclose the required information clearly, it violates the Act, see, 15 U.S.C. § 1692g(a)(2); see also, Janetos, 825 F.3rd at 319 (7th Cir. 2016).

16.     Section 1692g of the FDCPA required Defendants' letter to clearly identify JH Portfolio as the "creditor to whom the debt is owed."  Defendants' letter listed two different companies as the "current" and "original" creditors, and failed to explain the difference.  Thus, Defendants' form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to effectively identify the current creditor to whom the debt was owed, see, Janetos, 825 F.3rd at 321-23; see also, Long v. Fenton & McGarvey Law

Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); and Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

17. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18. Plaintiff, Terri Dokes, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a Comenity Bank account, via the same form collection letter (Exhibit B), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Dokes, in their attempts to collect defaulted consumer debts from other consumers.

20. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Dokes.

21. Plaintiff Dokes' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the

Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23.     Plaintiff Dokes will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Dokes has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Terri Dokes, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Dokes as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Dokes and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Terri Dokes, individually and on behalf of all others similarly situated, demands trial by jury.

    Terri Dokes, individually and on behalf of all others similarly situated,

    By: /s/ David J. Philipps_____
    One of Plaintiff's Attorneys

    By: /s/ Bradford W. Botes_____
    One of Plaintiff's Attorneys

Dated: May 18, 2018

David J. Philipps    (Ill. Bar No. 06196285)(Pro hac vice to be sought)
Mary E. Philipps    (Ill. Bar No. 06197113)(Pro hac vice to be sought)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
600 University Park Place
Suite 510
Birmingham, Alabama 35209
(205) 802-2200
(205) 802-2209 (FAX)
bbotes@bondnbotes.com